IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WARDEN REDNOUR, MAJOR DURHAM, | )   Case No. 11-cv-1083-MJR |
| ADMINISTRATIVE REVIEW BOARD, | ) |
| GRIEVANCE OFFICER COWAN, | ) |
| LIEUTENANT LEIFER, LIEUTENANT | ) |
| ASPEY, SERGEANT K. CARTWRIGHT, | ) |
| C/O CARD, C/O JOEL HEPP, C/O MOTT, | ) |
| JOHN DOES 1-5 and SERGEANT BONHART, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. This task is made more difficult by the excessive detail and verbose language found throughout the complaint.

On August 10, 2010, Plaintiff was incarcerated at Menard Correctional Center. Plaintiff claims that, as other inmates were creating a disturbance to protest the cancellation of yard, Plaintiff counseled them that they should instead stage a peaceful protest by going on a hunger strike. Defendant Leifer came to his cell and, despite the fact that Plaintiff had not done anything wrong, told Plaintiff he was going to segregation. Leifer acted in retaliation for Plaintiff's exercise of his First Amendment

1

rights. Defendant Bonhart then came to his cell and refused Plaintiff's request to speak again with Lieutenant Leifer. Major Durham came to his cell and observed that Plaintiff and his cellmate were not cuffing up, as they had been told to do. Major Durham called out the Tactical Team. The Tactical Team used excessive force on Plaintiff while extracting him from his cell and taking him to the segregation unit. Tactical Team officers then prevented Plaintiff from getting immediate medical attention by assuring a nurse that he was not hurt. He was seen a few days later for his injuries, which consisted of cuts, lumps on his face, and bruises. A false disciplinary report was written, and the Adjustment Committee refused to call witnesses, interview witnesses or view the cell extraction tape. Plaintiff claims that all of the defendants acted in conspiracy with each other to cover up the fact that he had been beaten by the Tactical Team. Plaintiff also alleges that Warden Rednour, the Administrative Review Board and Grievance Officer Cowan refused to respond to grievances he filed.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated only one colorable federal claim, that is, a claim against the members of the Tactical Team for the use of excessive force in violation of the Eighth Amendment on August 10, 2010. Plaintiff identified the members of the Tactical Team as Defendants Sergeant Cartwright, C/O Card and John Does 1 through 5.

Plaintiff has not stated a claim for deliberate indifference to his serious medical needs against the Tactical Team members because he alleges only a few days' delay in being seen by a nurse, and his alleged injuries (cuts that did not require

2

stitches, bruises and lumps) do not rise to the level of an objectively serious medical need. See, *Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006).

Plaintiff has not stated an actionable claim against Lieutenant Leifer or C/O Bonhart. Plaintiff claims that Leifer ordered him to segregation in retaliation for his exercise of his First Amendment right to organize a "peaceful protest." "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987); *see also Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). However, in order to state a claim for retaliation, Plaintiff must first allege that he engaged in activity protected by the Constitution. The First Amendment does not guarantee a prison inmate the right to organize other inmates in a hunger strike to protest the denial of yard privileges. An inmate's speech is protected by the First Amendment only where the inmate engaged in speech in a manner consistent with the legitimate penological interests. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009), applying the standard set forth in *Turner v. Safley*, 107 S. Ct. 2254 (1987). Organizing other inmates to engage in a hunger strike to protest the denial of yard privileges is not consistent with legitimate penological interests and is not protected speech. **See,** *Watkins v. Kasper*, **599 F.3d 791, 797 (7th Cir. 2010), and cases cited therein.** Therefore, Defendants LIEUTENANT LEIFER and C/O BONHART will be dismissed with prejudice.

The only allegation against Major Durham is that he failed to intervene after being informed that Leifer was retaliating against Plaintiff. Section 1983 creates a

3

cause of action based on personal liability and predicated upon fault. Liability does not lie unless the particular individual defendant caused or participated in the constitutional deprivation. *See Kuhn v. Goodlow*, **678 F.3d 552, 555-56 (7th Cir. 2012).** In any event, since Leifer's actions did not violate the Constitution, Major Durham could certainly not be liable for failing to intervene. While it was Major Durham who allegedly called out the Tactical Team, plaintiff has not alleged that he participated in or ordered the use of excessive force by the Team members. Defendant MAJOR DURHAM will be dismissed with prejudice.

Plaintiff's allegations regarding a false disciplinary report and lack of due process in the Adjustment Committee's handling of the report do not state an actionable claim against anyone. Plaintiff does not specify who wrote the false disciplinary report, but he names Defendant Aspey as the head of the Adjustment Committee. Plaintiff evidently received six months in segregation as a sanction after being found guilty on the disciplinary report. See, Doc. 1, pp. 36-37. There is no indication that Plaintiff lost any good conduct credit as a consequence of the disciplinary report.

When a plaintiff brings an action under Section 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, **494 U.S. 113, 125 (1990)**. As Plaintiff did not lose any good conduct credit, the overall length of his confinement is not affected. An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary

4

incidents of prison life." *Sandin v. Conner*, **515 U.S. 472, 484 (1995).** The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, **128 F.3d 1173, 1175 (7th Cir. 1997)**. In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

This Court understands *Sandin* and *Wagner* as holding that even a prisoner's arbitrary confinement in disciplinary segregation, administrative segregation, or protective custody does not implicate any liberty interest – under either the Due Process Clause or state law – so long as the confinement itself does not constitute an "atypical, significant deprivation." A particular confinement is "atypical [and] significant" only if the conditions under which the inmate is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner*, **128 F.3d at 1175**. Subsequent opinions by the Seventh Circuit have explained that where the duration of confinement in segregation is relatively short, no liberty

interest will be implicated. *See Marion v. Columbia Corr. Inst.*, **559 F.3d 693, 697 n.2 (7th Cir. 2009) (collecting cases).**

Nothing in the complaint or exhibits suggests that the conditions that Plaintiff had to endure because of being found guilty of the allegedly false disciplinary report were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Nor does the duration of six months in segregation trigger due process concerns. Accordingly, Plaintiff has failed to allege facts indicating that he was deprived of a liberty interest, either under the Due Process Clause or created by the State. Therefore, he had not stated a claim against Defendant Aspey, or anyone else, arising out of the disciplinary report and Adjustment Committee hearing. Defendant ASPEY will be dismissed with prejudice.

No actionable claim is stated by Plaintiff's allegations that his grievances have been ignored by Warden Rednour, Grievance Officer Cowan and the Administrative Review Board. A prison inmate has no constitutional right to have his grievance addressed. **See,** *Massey v. Helman*, **259 F.3d 641, 647 (7th Cir. 2001);** *Antonelli v. Sheahan*, **81 F.3d 1422, 1430 (7th Cir. 1996).** "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith*, **507 F.3d 605, 609-610 (7th Cir. 2007).** Further, the Administrative Review Board is not a "person" which can be sued under Section 1983. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, **491 U.S. 58, 71 (1989).** *See also Billman v. Indiana Department of Corrections*, **56 F.3d 785,**

**788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).** Defendants REDNOUR, COWAN and ADMINISTRATIVE REVIEW BOARD will be dismissed with prejudice.

Plaintiff alleges that all Defendants conspired together to cover up the fact that the Tactical Team beat him. This allegation does not state an actionable claim. Conspiracy is not an independent basis of liability under Section 1983. *See Smith v. Gomez,* **550 F.3d 613, 617 (7th Cir. 2008);** *Cefalu v. Vill. of Elk Grove,* **211 F.3d 416, 423 (7th Cir. 2000).** Plaintiff cannot maintain his conspiracy claim unless he alleges that Defendants conspired to deny him his constitutional rights. *Hill v. Shobe,* **93 F.3d 418, 422 (7th Cir. 1996).** Plaintiff is not alleging that Defendants conspired to subject him to excessive force; he is alleging that some Defendants conspired to cover up the use of excessive force by other persons. Covering up the use of excessive force by other persons does not violate the Plaintiff's constitutional rights. The Constitution does not obligate prison employees to refrain from concealing bad acts committed by other persons. The conspiracy claim is really just another way of stating the claim regarding the false disciplinary report and Adjustment Committee proceedings, which does not state a constitutional claim either. The conspiracy claim is dismissed with prejudice as to all Defendants.

Lastly, while plaintiff named Correctional Officers Joel Hepp and Mott as Defendants, he has not directed any of his allegations to them. In order to state a claim against a particular defendant, plaintiff must specify what he is claiming that defendant did or failed to do. *Collins v. Kibort,***143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff**

7

**cannot state a claim against a defendant by including the defendant's name in the caption.").**

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, **404 U.S. 519, 520-21 (1972)**, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, **320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based);** *Brokaw v. Mercer Cnty.*, **235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").**  Further, the Seventh Circuit has interpreted *Bell Atlantic Corp. v. Twombly*, **550 U.S. 544 (2007),**  as imposing a two-tiered requirement for a complaint to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted: (1) it "must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests," and (2) the "allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level.'"  *E.E.O.C. v. Concentra Health Serv., Inc.*, **496 F.3d 773, 776 (7th Cir. 2007)(citing** *Bell*, **550 U.S. at 555).**  Plaintiff has completely failed to specify what his claims against Hepp and Mott are, and, ttherefore, Defendants HEPP and MOTT will be dismissed with prejudice.

**Disposition**

In summary, Defendants **WARDEN REDNOUR, MAJOR DURHAM, ADMINISTRATIVE REVIEW BOARD, GRIEVANCE OFFICER COWAN, LIEUTENANT LEIFER, C/O ASPEY, C/O JOEL HEPP, C/O MOTT and SERGEANT BONHART** are **DISMISSED** from this action with prejudice. The Court finds that plaintiff's complaint states only one colorable federal constitutional claim, that is, a claim for use of excessive force on August 10, 2010, against Defendants **SERGEANT K. CARTWRIGHT, C/O CARD, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4 and JOHN DOE 5.**

The Clerk of Court shall prepare for Defendants **SERGEANT K. CARTWRIGHT and C/O CARD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendants **JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4 or JOHN DOE 5** until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is

Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. If Plaintiff is incarcerated in a correctional facility that participates in the Electronic Filing Program, service may be made in accordance with General Order 2010-1 describing service under that program. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* was granted by the state court. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is directed to amend the Court's docket sheet to name Defendants **JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4 or JOHN DOE 5** in place of Defendant "John Does."

    **IT IS SO ORDERED.**

    DATED: August 23, 2012

                                          s/ Michael J. Reagan
                                          MICHAEL J. REAGAN
                                          U.S. District Judge