IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KEVIN CARTWRIGHT, | ) |
| WOLTERS, | ) Case No. 11−cv−1083−MJR−SCW |
| SCHOENBECK, | ) |
| SWINEY, | ) |
| HEIMAN, | ) |
| LANE, and | ) |
| T. SCOTT | ) |
| | ) |
| Defendants. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

On April 30, 2014, the Court held a hearing on Plaintiff's Motion to Compel (Doc. 98), Defendants' Motions to Reset Discovery Deadline and Dispositive Motion Deadline (Docs. 103 and 106), and Plaintiff's Motion to Appoint Counsel (Doc. 105). Plaintiff appeared for himself, and Brad Gillespie appeared on behalf of Defendants.

Defendants did not file Response to Plaintiff's Motion to Compel, instead choosing to rest on their Response to the Court's Order directing them to arrange for Plaintiff to view the tape. (Doc. 97). This Response indicated that "no video was logged" following the cell extraction in question and "there is no video in existence to the best of our belief and knowledge." (Doc. 97). The Court found this puzzling, as Defendants had never mentioned that the video did not exist when addressing Plaintiff's previous Motion to Compel on April 29, 2013 or in their objections to producing said video. (Doc. 107) (Doc. 68). Plaintiff also pointed out that the incident reports submitted as exhibits to this filing specifically reported that Defendant Wolters was assigned to

1

operate the video camera by his superiors for the tactical team for a cell extraction. (Doc. 97-2, p. 3). Upon questioning, counsel for Defendants admitted that he had not questioned Defendant Wolters about the video, but instead relied on representations by Cynthia Gimber and David Tracey that no video could be located.

The Court **DEFERS** ruling on Plaintiff's Motion to Compel, hearing to be set by separate notice. The Court finds Defendants' explanation insufficient. Officer Wolters, the reporting officer, is a named Defendant in this case, and within the Court's jurisdiction. Yet counsel for Defendants admits that he failed to ask his client what happened to the tape. Wolter's information would be clearly relevant to the tape's whereabouts today. Additionally, just because the tape was not logged is not conclusive evidence that the tape does not exist. The Court expects Defendants to provide a fuller and more detailed explanation of the tape's current whereabouts at the next hearing.

As to Plaintiff's Motion to Appoint Counsel, a litigant in a civil case has no right to counsel. **Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007).** However, this Court has discretion to recruit counsel to represent indigent plaintiffs in appropriate cases. **Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).** Determining whether to appoint counsel is a two-step inquiry. **Pruitt, 503 F.3d at 655.** The threshold is whether the indigent plaintiff has made a reasonable attempt to obtain counsel. **Santiago v. Walls, 599 F.3d 749, 761 (7th Cir. 2010).** Only if the threshold has been met will the Court consider the second prong, whether the plaintiff appears competent to litigate the case given its difficulty. **Pruitt, 503 F.3d at 655.**

Plaintiff has made his threshold showing, but the Court finds him competent to litigate at this time. Not only has he adequately articulated the legal basis for his claim, but he was able to develop a strong factual record on his pending Motion to Compel. While Plaintiff may not be as competent as an attorney, he is clearly competent to proceed with this case. **See Pruitt, 503 F.3d at 655 (quoting Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993) (If the test were whether a**

**good lawyer would have done better than a *pro se* plaintiff, "judges would be required to request counsel for every indigent litigant")**.  Should the case increase in complexity as it advances to trial, the Court will be willing to revisit appointment of counsel at that time.  But for now, the plaintiff's motion to appoint counsel (Doc. 105) is **DENIED without prejudice**.

As to Defendants' Motion for Sanctions, the Court finds no cause to grant Sanctions at this time. (Doc. 109).  The discovery deadline in this case was March 21, 2014.  The dispositive Motion Deadline was April 18, 2014.  Defendants filed their first Motion to extend these deadlines on March 14, 2014 (Doc. 103).  At the time, the Court was considering Plaintiff's Motion to Compel regarding the video tape.  Granting relief on that motion to Compel may have required the Court to extend certain deadlines.  The Court also wished to reference the transcript of the April 29, 2013 hearing, which had not been transcribed, before ruling on the Motion to Compel.  While the Court was awaiting the transcript, the Defendants filed a second Amended Motion (Doc. 106) to move the deadlines, which is still pending.  Because it appears that the Defendants wish this Motion to supersede their earlier filed one, the Court finds that the Motion to Reset Discovery Deadlines filed on March 14, 2014 is now **MOOT**.  Defendants then filed the present Motion for Sanctions on the grounds that Plaintiff refused to sit for his deposition when Defendants attempted to take it on April 4, 2014, approximately two weeks after the close of discovery.  Plaintiff is correct because this date was after the close of discovery, he had no obligation to sit for such deposition without a Court Order extending those deadlines.  Therefore, Defendants Motion for Sanctions (Doc. 109) is **DENIED**.  The Court **DEFERS** ruling on Defendants' Amended Motion to Reset Discovery Deadlines (Doc. 106) until after a full hearing on Plaintiff's Motion to Compel.  (Doc. 98).

Defendants' Motion to Reset Discovery Deadline and Dispositive Motion Deadline (Doc. 103) is **MOOT**.  Plaintiff's Motion to Appoint Counsel (Doc. 105) is **DENIED without prejudice**.  Defendants' Motion for Sanctions is **DENIED**. (Doc. 109).  The Court will take up

3

Plaintiff's Motion to Compel (Doc. 98) and Defendants Amended Motion to Reset Deadlines at the next hearing.

**IT IS SO ORDERED**

**Date:** May 1, 2014                                       /s/ *Stephen C. Williams*
                                                                            Stephen C. Williams
                                                                            United States Magistrate Judge